**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin Michael Charles,          )<br>                                             )<br>          Plaintiff,                  )<br>                                             )<br>vs.                                       )<br>                                             )<br>Federal Communications Commission, )<br>                                             )<br>          Defendant.              )<br>_____) | CV 13-1478-PHX-SMM<br><br>**ORDER** |

      Pending before the Court are *pro se* Plaintiff's Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs. (Docs. 1, 3).

      In the motion to proceed without paying a filing fee or the costs related to service of process, Plaintiff presents verified evidence establishing he is unable to pay the filing fee and other costs associated with this case. Pursuant to 28 U.S.C. § 1915(e)(2), a district court shall dismiss an *in forma pauperis* action if the court determines that:

      (A) the allegation of poverty is untrue; or

      (B) the action or appeal –

           (i) is frivolous or malicious;
           (ii) fails to state a claim on which relief may be granted; or
           (iii) seeks monetary relief against a defendant who is immune from such relief.

"While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, § 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing

*Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief and a demand for the relief sought.

A complaint is frivolous if it is based on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-30 (1989); *Muhammad v. Phoenix Police Dept.*, 2008 WL 447523, at *1 (D. Ariz. Feb. 14, 2008). Moreover, a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (dismissal also appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," and/or "delusional."); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A complaint is "frivolous" within the meaning of § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. *Neitzke*, 490 U.S. at 325. A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them, *id.*, and legal frivolousness justifies dismissal where a complaint is based on "an indisputably meritless legal theory[.]" *Id.* at 327. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 328.

Here, the Court finds that Plaintiff's Complaint is frivolous. The sparse, one-page document asserts "Abuse Of Power" as the Complaint's only cause of action. (Doc. 1) The Complaint demands, without more, that the Court "give the Government back to the people of the United States of America." (*Id.*) It alleges no facts or other supporting information.

The only other item in the Complaint appears to be a statement of jurisdiction, which states, "District 9 Of The United States District Court." (*Id.*) *See, e.g., God v. Arizona State Univ.*, 2007 WL 1539324, at *1 (D. Ariz. May 24, 2007) (*pro se* plaintiff, God, claimed the defendant university was infringing his copyright by using his "autobiography," namely, "Bible," without paying plaintiff royalties was dismissed with prejudice as "both fanciful and factually frivolous") (citing *Denton*, 504 U.S. at 33); *Yacoub v. United States*, 2007 WL 2745386 (W.D. Wash. Sept. 20, 2007) (*pro se* complaint dismissed as frivolous which alleged defendants "used toxic chemicals, telepathy, color coding, astral bodies, electromagnetic waves, and other methods to control his mind and bodily functions."); *King v. United States*, 2006 WL 1375090 (W.D. Wash. May 18, 2006) (dismissing as frivolous *pro se* plaintiff's complaint alleging that he was a victim of "mind torture via satellite technology" operated by the United States) Because the Complaint clearly fails to allege an arguable legal or factual basis for recovery, the Complaint will be dismissed as frivolous.

The District Court's docket reflects Plaintiff has also filed similarly frivolous and delusional *pro se* complaints against the United States Government, President Barack Hussein Obama, Jr., and the United States Surgeon General, alleging a general claim of abuse of power, and these Complaints have been dismissed. *See* CV-13-1369-PHX-MHB, CV-13-1443-PHX-NVW,[1] CV-13-1476-SPL, and CV-13 -1477-PHX-LOA.

The Court finds no reasonable factual or legal basis to grant Plaintiff leave to amend the Complaint. A district court should not grant leave to amend if it determines that a pleading cannot possibly be cured by the allegation of other facts. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). Leave to amend is not proper in the presence of any of the following four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD*

---

[1] The Hon. Neil V. Wake, United States District Judge, has already dismissed Plaintiff's Complaint in the case assigned to him as it failed to allege any factual allegations and comply with Rule 8(a)(1) and (2), but granted Plaintiff leave to file an amended complaint by August 5, 2013. (Doc. 3 in CV-13-1443-PHX-NVW)

1  *Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Here, because the Complaint
2  fails to allege any facts or valid legal theory upon which to base a claim, there is essentially
3  nothing to amend. Thus, the Court finds the Complaint cannot be cured by amendment.

4          The Ninth Circuit recognizes "the inherent power of federal courts to regulate the
5  activities of abusive litigants by imposing carefully tailored restrictions under appropriate
6  circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). "[F]lagrant
7  abuse of the judicial process cannot be tolerated because it enables one person to preempt the
8  use of judicial time that properly could be used to consider the meritorious claims of other
9  litigants." *Moski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir.2007) (quoting
10 *DeLong*, 912 F.3d at 1148) (internal quotation marks omitted); *see also  Procup v.*
11 *Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) ("Federal courts have both the inherent
12 power and the constitutional obligation to protect their jurisdiction from conduct which
13 impairs their ability to carry out Article III functions."). Nevertheless, every appellate court
14 that has considered the question has held that before a trial court may *sua sponte* enter a
15 pre-filing order, due process requires that it afford the vexatious litigant notice and an
16 opportunity to be heard. *See De Long*, 912 F.2d at 1147; *Baum v. Blue Moon Ventures, LLC*,
17 513 F.3d 181, 189 (5th Cir. 2008); *Cromer v. Kraft Foods, Inc.*, 390 F.3d 812, 819 (4th Cir.
18 2004); *Cok v. Family Ct. of Rhode Island*, 985 F.2d 32, 35–36 (1st Cir. 1993); *Tripati v.*
19 *Beaman*, 878 F.2d 351, 354 (10th Cir. 1989); *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982).

20         This Court finds Plaintiff is vexatious litigant. A vexatious litigant Order shall issue,
21 if Plaintiff continues to file frivolous and delusional claims. This Court believes that there
22 is an adequate record to support such an Order. Plaintiff is cautioned to take care in all future
23 filings to avoid frivolous claims and the abusive use of this District Court. Failure to comply
24 with this directive may result in an injunction against Plaintiff to prohibit future filings in the
25 United States District Court for the District of Arizona. *See  Stone v. Maricopa County*, 2008
26 WL 4446697, at *7 (D. Ariz. Sept.8, 2008) (imposing vexatious litigant order based on
27 plaintiff's "history of filing and re-filing the same claims against the same defendants
28 involving the same two fact patterns").

1  Accordingly,

2  **IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(2), the Complaint [Doc. 1]
3  is **DISMISSED with prejudice** as frivolous. The Clerk is kindly directed to enter judgment
4  in favor of Defendant, against Plaintiff, and terminate this action.

5  **IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District
6  Court Without Prepaying Fees or Costs [Doc. 3] is **DENIED** as moot.

7  **DATED** this 6th day of August, 2013.

*[signature]*

Stephen M. McNamee
Senior United States District Judge